IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JIMMY DAVIS**                                                                              **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 5:21-cv-00043-DCB-BWR**

**COMMISSIONER BURL CAIN, et al.**                              **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* Plaintiff Jimmy Davis, proceeding *in forma pauperis* ("IFP"), filed this civil action under 42 U.S.C. § 1983. Compl. [1] at 3. He named as Defendants Commissioner Burl Cain, Warden Scott Middlebrook, Management and Training Corporation ("MTC"), and Jerry Nichols, Jr. *Id*. at 2-3. Davis later dismissed Nichols as a Defendant, Order [44], leaving Cain, Middlebrook, and MTC to answer his allegations. On December 22, 2022, Defendants Middlebrook and MTC filed a Motion to Dismiss or, Alternatively, for Summary Judgment. Mot. [55]; Memo. [56]. Davis did not respond. For the following reasons, the undersigned recommends that the Motion [55] filed by Middlebrook and MTC be granted in part, that Davis's IFP status be revoked, and that this case be dismissed without prejudice pending Davis's payment of the requisite filing fee or satisfaction of the conditions outlined below.

**I.    BACKGROUND**

The events giving rise to this lawsuit occurred on February 9, 2021, while Davis was housed at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Compl. [1] at 4. Davis avers that he was returning to his cell from the law library, when Nichols "slammed [him] against a wall," "burst [his] nose bloody,"

and "sprayed [him] with mace several times." *Id*. Davis filed administrative grievances about the incident and placed Middlebrook's response into the record. *Id*. at 7, 13. It provides the following account of events:

> [Y]ou were being escorted from the Law Library back to your assigned cell and you became disruptive and had to be placed on the wall to gain compliance. Once inside your cell Sgt. . . . Nichols attempted to remove the hand restraint and you dashed him with an unknown liquid. A blast of chemical agent had to be administer[ed] to gain compliance. You were taken to medical for evaluation, then you were afforded the opportunity to decontaminate. I find the matter resolved at this level.

*Id*. at 13.

Davis claims that he received no medical treatment for his injuries, which include a dislocated back and broken nose. *Id*. at 5. He further claims that he could barely walk by the time he signed his Complaint on March 30, 2021. *Id*.

Davis blames Middlebrook for "doing nothing about . . . [his] physical injury" and Cain for being aware of this "illegal use of force" without addressing the situation. *Id*. at 5, 7. Davis avers that MTC was negligent for hiring Nichols in the first place. Mot. [42] at 2. And Davis complains that MTC operates in other prison facilities, despite its continued indifference to his plight. Resp. [10] at 5. For example, while housed at East Mississippi Correctional Facility ("EMCF"), also operated by MTC, Davis alleged that he had been "assaulted" and "threaten[ed]" with lethal force. *Id*. at 4.

Davis originally sought injunctive relief requiring the Mississippi Department of Corrections to remove him from WCCF. Compl. [1] at 5. Following his transfer to

2

another facility, Davis seeks yet another relocation and $100,000 in compensatory and punitive damages. Resp. [10] at 3-4.

## II. DISCUSSION

Middlebrook and MTC argue that Davis's IFP status should be revoked because he accumulated "three strikes" before filing his Complaint and has failed to show he was in imminent danger of serious bodily harm at the time of filing. Memo. [56] at 2-6. Alternatively, Middlebrook and MTC request judgment as a matter of law based on Plaintiff's failure to exhaust administrative remedies against them. *Id.* at 8-13. Because the undersigned agrees with the former argument and recommends that Davis's IFP status be revoked, it is not necessary at this juncture to address the alternative argument.

The Prison Litigation Reform Act, Pub. L. No. 104-34, 110 Stat. 1321 (1996), applies to civil actions filed under § 1983 by prisoners proceeding IFP. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Under the PLRA, the privilege to proceed IFP generally must be denied if the plaintiff has, on three or more occasions while incarcerated or detained, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Under this "three strikes" rule, a court may impose a strike only when the entire action "is dismissed for one or more of the qualifying reasons." *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017). A strike may be imposed at any stage of litigation, assuming the entire

action is dismissed for one of the reasons enumerated in § 1915(g). *Hale v. Harrison Cnty. Bd. of Supervisors*, 8 F.4th 399, 403-04 (5th Cir. 2021) (affirming the imposition of a strike at the summary-judgment phase).

      The undersigned has reviewed Davis's prior litigation activity and concludes that Davis accumulated at least three strikes before filing the Complaint in this case. *See, e.g., Davis v. Gambrell*, No. 4:09-cv-00054-FKB (S.D. Miss. Aug. 20, 2012) (granting summary judgment to defendants and dismissing cause with prejudice as frivolous); *Davis v. Casket, et al.*, No. 4:07-cv-00118-JCS (S.D. Miss. May 22, 2009) (dismissing claims against all defendants with prejudice as frivolous); *Davis v. Hall, et al.*, No. 4:05-cv-00161-WAP-EMB (N.D. Miss. Dec. 28, 2005) (dismissing cause with prejudice for failure to state a claim upon which relief may be granted); *Davis v. Miss. State Penitentiary*, No. 4:04-cv-00172-WAP-SAA (N.D. Miss. Sept. 13, 2004) (dismissing cause with prejudice for failure to state a claim upon which relief may be granted). Davis's three strikes are well-known to this Court, having been recognized on more than one occasion. *E.g., Davis v. Wyatt, et al.*, No. 5:21-cv-00008-RHWR (S.D. Miss. Nov. 18, 2021) (recognizing Davis's three strikes and directing the Clerk of Court to "decline to accept and file any civil rights complaint submitted pro se by Jimmy Lee Davis unless the complaint has first been presented to a judge of this Court, who has specifically authorized the filing"); *Davis v. Booker, et al.*, No. 4:10-cv-00012-TSL-LRA (S.D. Miss. Feb. 23, 2010) (denying leave to proceed IFP based on Davis's three strikes).

4

As previously noted, though, § 1915(g) permits a prisoner with three strikes to proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify under this exception, the imminent danger must exist at the time the prisoner files his complaint. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) ("[T]he language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made."). Allegations of past harm do not satisfy the imminent-danger exception. *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (branding an allegation that a prisoner "was physically harmed in the past" as "insufficient to overcome § 1915(g)"). Nor do conclusory allegations of ongoing imminent danger suffice. *Id.*; *see also Smith v. Blount*, 258 F. App'x 630, 630 (5th Cir. 2007) (noting that "conclusional allegations are insufficient to show . . . imminent danger of serious physical injury"). Instead, a plaintiff seeking to overcome the three-strikes bar must offer "*specific* fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Jackson v. United States*, No. 4:15-cv-00696-O, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (quotation omitted).

Davis has not made the requisite showing of imminent danger under these standards. To start, many of his pleadings are simply labeled "imminent danger" without further elaboration. *E.g.*, Compl. [1] at 1, 10; Mot. [2] at 1; Resp. [10] at 2. His Complaint raises only past injuries—namely, the alleged assault by Officer Nichols—without offering specific allegations of "ongoing serious physical injury."

*See Jackson*, 2016 WL 1375591, at *2. And these allegations of past harm are insufficient by themselves to meet the imminent-danger exception. *See Newman*, 770 F. App'x at 217. Nor can Davis hide behind conclusory allegations of the ongoing denial of medical treatment. *See Jackson*, 2016 WL 1375591, at *3 ("Plaintiff's allegations do not recite a danger that is imminent, but rather provide general complaints about the ongoing nature of the alleged lack of medical care."); *see also Walker v. Perry*, No. 1:20-cv-00302-HSO-RHWR, 2022 WL 16796830, at *4 (S.D. Miss. July 8, 2022), *report and recommendation adopted by* 2022 WL 8176157 (S.D. Miss. Oct. 14, 2022) ("Walker's allegations regarding Defendants' alleged acts or omissions concerning her medical treatment are insufficient to meet the threshold requirement of imminent danger of serious physical injury."). The Court does not find the presence of any imminent danger of serious physical injury sufficient to warrant application of the exception under § 1915(g).

Since Davis had at least three qualifying dismissals under § 1915(g) when he filed his Complaint, and his allegations fail to meet the imminent-danger exception, Davis's IFP status should be revoked. *See Walker*, 2022 WL 16796830, at *4 (recommending that plaintiff's IFP status "be revoked for failure to satisfy the imminent danger exception to the three-strikes bar"); *Cruse v. Corr. Med. Assocs.*, No. 1:16-cv-00086-LG-RHW, 2016 WL 7477554, at *2-3 (S.D. Miss. Dec. 29, 2016) (revoking plaintiff's IFP status for the same reason). Because Davis has a demonstrated history of litigation abuse, the undersigned recommends that this case

6

be dismissed without prejudice pending Davis's payment of the requisite filing fee or satisfaction of the conditions outlined in *Davis v. Wyatt, et al.*, No. 5:21-cv-00008-RHWR (S.D. Miss. Nov. 18, 2021) (Doc. 60): "[E]ffective immediately, and until further order of the Court, the Clerk of Court shall decline to accept and file any civil rights complaint submitted pro se by Jimmy Lee Davis unless the complaint has first been presented to a judge of this Court, who has specifically authorized the filing."

### III.    RECOMMENDATION

The Motion [55] to Dismiss or, Alternatively, for Summary Judgment filed by Middlebrook and MTC should be granted in part insofar as the Court should accept one argument without addressing the other.  That is, Davis's IFP status should be revoked pursuant to § 1915, and this case should be dismissed without prejudice.  Given that conclusion, the Court need not reach the alternative argument about Davis's alleged failure to exhaust administrative remedies.

### IV.    NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections.  L. U. CIV. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the

Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 1st day of February, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE